## No. 31
## ARCUDIA et v. ZELLERS et

Ohio Appeals, 9th Dist., Summit Co.

No. 1019. Decided Nov. 9, 1925

**787. MORTGAGES On principle that mortgagor may set up as a defense to foreclosure, fraud of mortgagee; such mortgagor would have the right to institute an affirmative action to obtain the same relief.**

Colgero Arcudia commenced an action against Lenore Zellers, in the Summit Common Pleas and the facts, briefly, are: In 1920 Arcudia purchased from Zellers certain real estate for $7500 paid $2500 in cash and executed a mortgage to secure the balance. Subsequently Arcudia discovered that the buildings on the property extended out in the street and were located partly thereon.

Arcudia alleged that fraud was practiced upon him by Zellers in representing that the buildings upon said property were entirely within the limits of the description of the real estate contained in the deed executed to him.

After the petition was filed and before hearing, Zellers brought an action to foreclose the purchase money mortgage and to which Arcudia set up a counterclaim which was substantially the same as the cause of action set up in the original petition. Both actions were consolidated and a jury having been waived, the trial judge decided against Arcudia and found in favor of Zellers; and ordered a foreclosure of the mortgage and a sale of the property. Error was prosecuted from this judgment and the Court of Appeals held:

1. Arcudia does not deny that there is a balance due Zellers upon said mortgage; but claims to be entitled to damages or a diminution of the purchase price for the misrepresentation made to him; and that same should be allowed as a credit upon the balance due upon said mortgage.

2. The testimony of Zeller's agent fully sustains the claims of Arcudia that at the time the negotiations for purchase of the property took place the representations were made as claimed by Arcudia.

3. "In a suit by a mortgagee against his mortgagor to obtain a sale of the mortgaged premises, the mortgage being given to secure payment of purchase money for the premises, the mortgagor may set up, as a defense, a counterclaim for damages for fraud practiced by the mortgagee in sale of premises to mortgagor." Allen v. Shackelton, 15 OS. 145.

4. The fact that the mortgagor has a right to set up the fraud as a defense in an action brought by the mortgagee to foreclose on the premises which was done in the lower court, upon like principle, would give the mortgagor the right to institute an affirmative action to obtain the same relief.

5. The judgment of the trial court is manifestly against the weight of the evidence, and judgment is reversed and cause remanded for further proceedings as required by law.

Judgment reversed.

Attorneys—Marco, Isham for Arcudia et; J. L. Griffiths and Mottinger & Evans for Zellers et; all of Akron.

---

## No. 32
## CUYAHOGA CO. (Comm.) v. JONES, Admr.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6682. Decided Oct. 19, 1925.

**734. LYNCHING—An action may be maintained for wrongful death due to lynching where a mob is exerting correctional power over strike breakers, even though no particular harm was meant the decedent.**

VICKERY, J.

This case came into the Court of Appeals from the Cuyahoga Common Pleas. In the court below Alphonso Jones, administrator of the estate of Ernest McKinney, deceased, brought an action to recover damages, which resulted to the estate McKinney. The petition alleged that the decedent was assaulted and lynched.

It seems that McKinney was one of a number of workmen who were strikebreaking at the garbage plant of the City of Cleveland; and as they were returning home from work in a large truck under police protection, a number of strikers threw rocks upon them from an overhead bridge whereby McKinney received the injuries from which he died.

The Commissioners filed a demurrer in which they stated that the strikers had no personal grievance against McKinney and did not mean to assault this man particularly. The demurrer was upheld in the court below and on proceedings in error prosecuted by Jones, the court below was reversed. This is a motion for a rehearing brought by the County Commissioners.

The Court of Appeals held:

1. The law is well settled in Ohio than an action can be predicated for injuries which grow out of mob violence. 62 OS. 318.

2. This is true even when the mob had no antipathy against the injured person.

3. If the mob gathered for the purpose of exercising correctional power and a person is injured, it constitutes lynching under 6378 GC.

Judgment affirmed.

Attorneys—E. C. Stanton and Donald Kennedy for Commissioners; J. E. Mathews for Jones; all of Cleveland.

Note—The opinion in the original proceedings in error will be found in 3 Abs. 132.